**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

GRADY BRYAN, III and
KRISTI BRYAN,

Plaintiffs,

v. CASE NO.: 7:20-CV-00253 (WLS)

DAVID SWISHER, *et al.*,

Defendants.

**ORDER**

Before the Court is a "Pre-Answer Motion for Partial Dismissal Under Rule 12(b)(6)" filed by Defendant Greenwood Motor Lines, Inc. (hereinafter "Greenwood"). (Doc. 4.) Therein, Greenwood requests that this Court dismiss Plaintiffs Grady Bryan III and Kristi Bryan's independent negligence claims[1] against the company based on an alleged failure to meet the pleading standards required by the federal rules. (*Id.* at 1-2.) Based on the findings and analysis below, Greenwood's motion is hereby **GRANTED**.

**RELEVANT FACTUAL BACKGROUND**

On the evening August 24, 2018, Plaintiff Grady Bryan was injured in a vehicle accident that occurred on the U.S. Highway 84 bypass/Georgia State Road 38 in Thomasville, Georgia. (Doc. 1 at 2.) Plaintiff Bryan was performing maintenance on a traffic light in a suspended lift bucket attached to a Georgia DOT utility-boom truck when the truck was struck by a tractor trailer. (*Id.* at 2; Doc. 1-2 at 4-5.) The driver of the tractor trailer, Defendant David Swisher, was driving on behalf motor carrier Defendant Greenwood. (*Id.*) Plaintiff Grady Bryan was thrown from the utility-boom truck's bucket on impact, causing him to fall approximately twenty-five (25) feet to the ground. (*Id.*) Plaintiff Grady Bryan now alleges he sustained serious

[1] In the complaint, Plaintiffs contend that Greenwood "was negligent in its own right under the Doctrine of Negligent Entrustment, Negligent Hiring, Negligent Retention, Negligent Training, Negligent Controlling, and Negligent Supervision of its employees, including and specifically Defendant Swisher" in paragraph 42. (Doc. 1-2 at 10.)

physical and mental injuries from the fall, which have a great affect on his ability to work and care for himself. (*Id.*) Plaintiff Grady Bryan seeks damages in excess of $10.8 million including medical expenses, lost past and future wages, lost earnings capacity, and past and future pain and suffering. (Docs. 1 at 3.) Plaintiff Kristi Bryan seeks an unspecified award for compensatory damages based on a loss of consortium due to her husband's injuries. (*Id.*) Plaintiffs initially filed their complaint in the State Court of Thomas County, Georgia on December 1, 2020. (Docs. 1; 1-1.) On December 24, 2020, the Parties filed a "Joint Notice of Removal," removing the case to this Court based on diversity jurisdiction. (Doc. 1.) Defendant Greenwood filed the instant motion on December 31, 2020 prior to filing its Answer. (Doc. 4.)

## **DISCUSSION**

Pursuant to the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Generally, Rule 8's standard does not require that a pleading contain "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain sufficient facts that "'state a claim to relief that is plausible on its face'" to avoid dismissal for failure to state a claim for relief under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. at 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Moody v. Synchrony Bank*, No. 5:20-CV-61 (MTT), 2021 WL 1153036, at *1, (M.D. Ga. Mar. 26. 2021.) Allegations that are merely consistent with a defendant's potential liability "fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, a plaintiff's grounds for relief must consist of "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." (*Id.*)

Defendant Greenwood has moved to dismiss Plaintiffs' "independent negligence claims" in Count Three of the complaint for "failure to meet the Fed. R. Civ. P. 8(a) 'facial

plausibility' pleading standard established by *Bell Atl. Corp. v. Twombly* and *Ashcroft v. Iqbal*." (Doc. 4 at 1) (citations omitted). Greenwood argues that the independent negligence claims listed in paragraph 42 of the complaint are conclusory and fail to satisfy the requirements of both *Twombly* and *Iqbal* because they lack support. (Doc. 4 at 3-4.) Upon review of the complaint, the Court must agree.

After giving a brief factual background of the events that transpired on the day of Plaintiff Grady Bryan's injury, in paragraph 29 the complaint states that the "Plaintiffs hereby incorporate by reference" the previous twenty-eight paragraphs of the complaint "as if more fully alleged herein" for the basis of recovery. (Doc. 1-2 at 7.) In the "factual background" portion for incorporation pertaining to Defendant Greenwood's connection to the events at issue given before this paragraph is a statement that Defendant Swisher "while in the course and scope of his employment with Defendant Greenwood, was driving a tractor trailer" that ultimately struck the utility-boom truck from which Plaintiff Grady Bryan was suspended. (*Id.* at 5.) In the portion of the complaint in which Plaintiffs make their claims for relief against Defendant Greenwood, Plaintiffs rely on the incorporated information from previous paragraphs of the complaint and assert that because Defendant Swisher was "operating the vehicle while transacting business on behalf of Defendant Greenwood with either the authority, or the scope of apparent authority, and Defendant Greenwood [is] vicariously liable through the employer/employee agency which resulted therein and under the theory of *respondeat superior*." (*Id.* at 9.) The complaint then alleges six independent claims in one sentence. (Doc. 1-2 at 10.)

The Court does not find that Plaintiff's independent negligence claims listed in paragraph 42 of the complaint are facially plausible as to avoid dismissal under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. at 678 (2009). Though the complaint does assert claims for Defendant Greenwood's potential liability in the portion of the complaint discussing relief, the Court cannot and does not find that the claims are facially plausible based on those statements alone. *See Chaparro v. Carnival Corp.*, 693 F.3d at 1337. "[C]onclusory allegations, . . . or legal conclusions masquerading as facts will not prevent dismissal," and that is exactly the case here. *Oxford Asset Mgmt., Ltd. V. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The Court finds that Plaintiffs' claims listed in paragraph 42 of the complaint are indeed conclusory and

unsupported by factual allegations that raise any suspected claim for relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. While the provided factual allegations and claims contained in the pleadings do sufficiently allege general negligence against Defendant Greenwood, there is simply not enough support for the specific claims listed in paragraph 42.[2] Therefore, the Court grants Defendant Greenwood's motion.

However, the Court is cognizant of the fact that this case was removed from the State Court of Thomas County, Georgia. The Federal Rules of Civil Procedure do hold pleadings to stringent standards that differ from those of the state courts. As noted by Defendant Greenwood and the Eleventh Circuit, unlike the Federal Rules, the state of Georgia does not prohibit conclusory pleadings so long as the pleading is plain, succinct, and gives fair notice of the relief sought. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1334 (11th Cir. 2011). Thus, the Court does not opt to dismiss Plaintiffs' claims in paragraph 42 with prejudice.

## CONCLUSION

Accordingly, for the reasons stated herein, Defendant's "Pre-Answer Motion for Partial Dismissal Under Rule 12(b)(6)" (Doc. 4) is **GRANTED**. Plaintiffs' six independent negligence claims against Defendant Greenwood listed in paragraph 42 of the complaint are **DISMISSED WITHOUT PREJUDICE**.[3]

[*Signature on next page*]

---

[2] In its current form, paragraph 42 amounts to a "shoutgun" pleading, or a pleading with multiple claims in a single count. Such pleadings are historically disfavored, as it becomes "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Tr. of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Because Plaintiffs are asserting multiple claims for relief against Defendant Greenwood, "a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." (*Id.*) Rule 10(b) is labeled as "Paragraphs; Separate Statements" and states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

[3] The Court notes that its opinion and dismissal without prejudice is limited to the six independent claims at issue in Defendant Greenwood's motion, which are listed at paragraph 42 of the Plaintiffs' complaint (Doc. 1-2). This Order does not extend to Plaintiffs' claims allegations of vicarious liability or liability pursuant respondeat superior against Defendant Greenwood.

**SO ORDERED**, this 23rd day of September 2021.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**