IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| GRADY BRYAN, III and KRISTI BRYAN, : : : : Plaintiffs, : : v. : CASE NO.: 7:20-CV-00253 (WLS) : DAVID SWISHER, *et al.*, : : Defendants. : | |

## ORDER

Before the Court is a "Motion to Intervene" filed by the Georgia Department of Administrative Services ("Department"). (Doc. 22.) Therein, the Department seeks to intervene in the above-styled action. (*Id.*) Based on the findings and analysis below, the Department's motion is hereby **GRANTED**.

## RELEVANT FACTUAL BACKGROUND

On the evening August 24, 2018, Plaintiff Grady Bryan was injured in a vehicle accident that occurred on the U.S. Highway 84 bypass/Georgia State Road 38 in Thomasville, Georgia. (Doc. 1 at 2.) Plaintiff Bryan was performing maintenance on a traffic light in a suspended lift bucket attached to a Georgia Department of Transportation utility-boom truck when the truck was struck by a tractor trailer. (*Id.* at 2; Doc. 1-2 at 4-5.) The driver of the tractor trailer, Defendant David Swisher, was driving on behalf of motor carrier Defendant Greenwood motor Lines, Inc. (*Id.*) Plaintiff Grady Bryan was thrown from the utility-boom truck's bucket on impact, causing him to fall approximately twenty-five (25) feet to the ground. (*Id.*) Plaintiff Grady Bryan now alleges he sustained serious physical and mental injuries from the fall, which have a great affect on his ability to work and care for himself. (*Id.*) After his injury, Plaintiff Bryan began receiving workers' compensation payments from the Department pursuant to O.C.G.A. § 34-9-1. (Doc. 22-1 at 2.) As of July 15, 2021, Plaintiff had received $345,611.85 in workers' compensation from the Department. (*Id.*)

Plaintiffs initially filed their complaint in the State Court of Thomas County, Georgia on December 1, 2020. (Docs. 1; 1-1.) On December 24, 2020, the Parties filed a "Joint Notice of Removal," removing the case to this Court based on diversity jurisdiction. (Doc. 1.) Plaintiff Grady Bryan currently seeks damages in excess of $10.8 million including medical expenses, lost past and future wages, lost earnings capacity, and past and future pain and suffering. (Docs. 1 at 3.) Plaintiff Kristi Bryan seeks an unspecified award for compensatory damages based on a loss of consortium due to her husband's injuries. (*Id*.) After the case was removed to this Court, the Department asserted a subrogation lien against any recovery Plaintiff Grady Bryan received as a result of the civil action. (Doc. 22-1 at 2.) The Department timely filed the instant motion to intervene on July 15, 2021. No objections were filed in response to the Department's motion.

## **DISCUSSION**

Under to the Federal Rules of Civil Procedure, the Court may permit a party to intervene in a pending action upon a timely motion where the party

> (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). When considering a motion to intervene under Rule 24(a), the Court must consider (1) whether the motion to intervene is timely; (2) whether the movant has an interest relating to the property or transaction which is the subject of the action; (3) whether the movant is so situated that disposition of the action may impede or impair its ability to protect that interest; and (4) whether the movant's interest is inadequately represented by the existing parties to the suit. *Worlds v. Dep't of Health & Rehabilitative Servs.*, 929 F.2d 591, 593 (11th Cir. 1991).

The Department seeks to intervene in this action on the grounds that it maintains "an unconditional statutory right to intervene" pursuant to O.C.G.A. § 34-9-11.1 and because the Department's interest in protecting its subrogation lien against Plaintiff Swisher's recovery. (Doc. 22-1 at 3.) Georgia Law O.C.G.A. § 34-9-11.1 permits an employer to intervene in an employee's suit where an employee who sustains injuries on the job sues a third party that has

2

legal liability for the injury. In such an instance, the employer is granted a subrogation lien and the employer may recover workers' compensation benefits it paid to the employee. *See Ga. Elec. Membership Corp. v. Hi-Ranger, Inc.*, 275 Ga. 197 (2002). Thus, the Department asserts that because it paid workers' compensation benefits to Plaintiff Bryan, it is entitled to recover from the Defendants or from funds received by Plaintiffs arising out of the instant action the full amount of benefits paid. The Department requests that it be permitted to intervene under the following terms: (1) that Plaintiff present all available evidence of economic and non-economic damages to the jury; (2) that Plaintiff do nothing at trial to prejudice the Department's lien; (3) that the jury use a special verdict form itemizing economic and non-economic damages; (4) that a bifurcated trial for subrogation recovery follow the case in chief should the jury find in favor of Plaintiff; and (5) that a post-trial hearing on apportionment of attorney's fees follow the subrogation recovery phase of the trial. (Doc. 22-1 at 4.)

Upon consideration of the Federal Rules, factors as described by case law, the Georgia Law, relevant facts, and particularly noting the absence of opposition to the Department's timely motion, the Court concludes that intervention is appropriate. The Department is entitled to recovery based on the subrogation pursuant to O.C.G.A. § 34-9-11.1. The Court finds that the subrogation lien constitutes an "interest relating to the property or transaction that is the subject of the action" under Federal Rule of Civil Procedure 24(a)(2) and that absent intervention, the Department's interest may be impaired in the course and disposition of this action. *See Willmore v. Arnold*, No. 5:08-CV-261 (HL), 2009 WL 1241323 (M.D. Ga. May 4, 2009). Because the terms of the Department's proposed intervention in this action are unchallenged, the Court finds no reason to delineate the proposed terms of the Department's participation in this action or make any decisions regarding a special verdict form or the subrogation lien at this time. *See Curtis v. SNL Distrib. Serv. Corp.*, No. 1:18-CV-04542-JPB, 2019 WL 12762943, at *2 (N.D. Ga. Aug. 7, 2019) (quoting *Broad v. Hitts*, No. 5:08-CV-366(CAR), 2009 WL 5031372, at *2 (M.D. Ga. Dec. 14, 2009)).

## CONCLUSION

For the reasons stated herein, the "Motion to Intervene" filed by the Georgia Department of Administrative Services (Doc. 22) is **GRANTED**. The Department is hereby permitted to intervene in this action as a third-party plaintiff. The Department shall file and

serve its complaint no later than **thirty (30) days** from the date of entry of this Order, or **Friday, December 17, 2021**. Thereafter the requisite parties shall respond to said third-party complaint **within twenty-one (21) days** from the date of service.

      **SO ORDERED**, this 18th day of November 2021.

                                        **/s/ W. Louis Sands**
                                        **W. LOUIS SANDS, SR. JUDGE**
                                        **UNITED STATES DISTRICT COURT**